TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING












NO. 03-00-00168-CV






Pete Smith, Appellant



v.



James E. Nelson, (1) State Commissioner of Education, in his Official Capacity Only; 


and Zapata County Independent School District, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-13924, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 






 We withdraw our earlier opinion and judgment dated January 11, 2001, and
substitute the following opinion in its stead. We must determine whether the Commissioner of
Education has jurisdiction over an appeal filed by a public school teacher who alleged that his
reassignment without a change in pay violated his contract. See Tex. Educ. Code Ann.
§ 7.057.057(a)(2)(B) (West 1996). The Commissioner may hear a grievance regarding a written
employment contract between a school district and a school district employee if a violation of the
contract "causes or would cause monetary harm to the employee." Id. We conclude that the
Commissioner correctly considered evidence on the issue of jurisdiction, but erred in dismissing
Smith's appeal for lack of jurisdiction. 


Background


 Zapata County Independent School District employed Pete Smith as the Athletic
Coordinator/Head Football Coach pursuant to a term contract beginning in July 1997 and ending
in June 2000. The contract provided among other matters that Smith was subject to "assignment
and reassignment of positions or duties, additional duties, changes in responsibilities or work,
transfers or reclassification at any time during the contract term." On October 22, 1997, Zapata
County ISD relieved Smith of his duties as Athletic Coordinator/Head Football Coach and
reassigned him to a position as physical education teacher at Zapata South Elementary School. 
The school district did not change Smith's pay as a result of the reassignment. 

 Smith filed a grievance complaining of the reassignment, which Zapata County ISD
denied. Smith then filed a petition for review with the Board of Education contending that the
reassignment violated his contract. Smith argued that the Commissioner had jurisdiction because
his reassignment from head football coach to an elementary school physical education teacher
would damage his ability to obtain future employment as a football coach or athletic coordinator
at a comparable salary as contemplated by the "causes or would cause monetary harm" provision
in section 7.057. See id. Zapata County ISD filed a plea to the jurisdiction before the
Commissioner, contending that the Commissioner lacked jurisdiction because Smith's alleged
future damages were not contemplated by section 7.057. Smith attached his own affidavit as well
as the affidavits of two other high school football coaches and the executive director of the Texas
High School Coaches Association as support for his position that this reassignment would diminish
his future earning potential. Notwithstanding the affidavit testimony, the Commissioner concluded
that he lacked jurisdiction to hear the case and dismissed Smith's appeal. The district court
affirmed the Commissioner's decision. Smith raises a single issue on appeal. 


Discussion


 The Commissioner has jurisdiction to hear an appeal if the person is aggrieved by
(1) school laws of this state; (2) actions or decisions of a school district board of trustees that
violate the school laws of this state; or (3) actions or decisions of a school district board of
trustees that violate provisions of a written employment contract between the district and a district
employee, if the violation causes or would cause monetary harm to the employee. Tex. Educ.
Code Ann. § 7.057(a)(1),(2)(A),(B). Because Smith's grievance involves an alleged violation of
his employment contract, the Commissioner has jurisdiction to entertain Smith's appeal only if
the alleged violation "causes or would cause monetary harm." Id. § 7.057(a)(2)(B).

 As stated above, Zapata County ISD filed a plea to the jurisdiction challenging the
Commissioner's jurisdiction over Smith's appeal. The supreme court recently addressed the need
for evidentiary hearings when deciding a plea to the jurisdiction. See Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547 (Tex. 2000). In Bland, the Blues challenged the Bland ISD's payment of
future installments due on a lease-purchase financing agreement they claimed was illegal because
it violated the Public Property Finance Act. Id. at 549. The school district filed a plea to the
jurisdiction claiming the Blues lacked standing to sue. Id. at 550. The trial court did not consider
evidence offered by Bland ISD, but rather relied solely on the pleadings and concluded that the
Blues had standing. Id. The court of appeals affirmed. 

 The supreme court reversed, holding that the trial court was not limited solely to
the pleadings and should have considered evidence in determining subject matter jurisdiction. Id.
at 555. According to the supreme court, because a trial court must not act without first
determining that it has jurisdiction, it should hear evidence as necessary to decide its subject
matter jurisdiction. Id. at 554. The supreme court acknowledged that while a plea to the
jurisdiction allows the defendant to establish a reason why the merits of the plaintiff's claims
should never be reached, it does not force the plaintiff to preview the case on the merits. Id. 
Thus, the evidentiary inquiry should not extend into the substance of the plaintiff's claims, but
should only examine matters that are "primarily jurisdictional." Id. Applying these principles,
the supreme court concluded that the trial court should have taken evidence on issues that
determine the Blues' standing--the financing arrangement and the source of the funds--but not on
the merits of the Blues' claims--whether Bland ISD violated the Act. 

 Like Bland, the case at bar also has a preliminary jurisdictional question that the
Commissioner had to resolve before reaching the merits of Smith's appeal. The Commissioner's
jurisdiction depends on whether Smith's reassignment causes or would cause monetary harm. See
Tex. Educ. Code Ann. § 7.057(a)(2)(B). Thus, the Commissioner should have considered, and
according to the record did consider, evidence of whether Smith's reassignment causes or would
cause monetary harm. Apparently, the Commissioner focused on the fact that Smith had not
suffered any monetary harm in the year of his reassignment to determine that the Commissioner
had no jurisdiction to hear this appeal under section 7.057. We conclude that the Commissioner
read the statute too narrowly. Section 7.057 covers appeals from written employment contracts,
the breach of which "causes or would cause" monetary harm. Id. The affidavits proffered some
evidence of future monetary harm that Smith would suffer as a result of his reassignment. That
is sufficient to confer jurisdiction on the Commissioner to hear the merits of Smith's
appeal--whether Zapata County ISD violated Smith's employment contract by reassigning him
during the school year.

 Given the broad language in section 7.057, we conclude that Smith provided
evidence of possible monetary harm the reassignment would cause him sufficient to confer
jurisdiction on the Commissioner under section 7.057. Accordingly, we conclude that the
Commissioner erred in determining that he lacked jurisdiction over the merits of Smith's appeal. 
We sustain Smith's issue. 


Conclusion


 Because Smith presented some evidence that his reassignment would cause him
monetary harm, the Commissioner had jurisdiction under section 7.057 to hear the appeal. 
Accordingly, we reverse the district court's judgment and the Commissioner's order and remand 

the cause to the Commissioner to determine the merits of Smith's appeal that the reassignment
violated his written contract of employment. 



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B.A. Smith

Reversed and Remanded 

Filed March 15, 2001

Publish

1. We have substituted the current Commissioner as the appropriate party. See Tex. R. App.
P. 7.2(a). 


was illegal because
it violated the Public Property Finance Act. Id. at 549. The school district filed a plea to the
jurisdiction claiming the Blues lacked standing to sue. Id. at 550. The trial court did not consider
evidence offered by Bland ISD, but rather relied solely on the pleadings and concluded that the
Blues had standing. Id. The court of appeals affirmed. 

 The supreme court reversed, holding that the trial court was not limited solely to
the pleadings and should have considered evidence in determining subject matter jurisdiction. Id.
at 555. According to the supreme court, because a trial court must not act without first
determining that it has jurisdiction, it should hear evidence as necessary to decide its subject
matter jurisdiction. Id. at 554. The supreme court acknowledged that while a plea to the
jurisdiction allows the defendant to establish a reason why the merits of the plaintiff's claims
should never be reached, it does not force the plaintiff to preview the case on the merits. Id. 
Thus, the evidentiary inquiry should not extend into the substance of the plaintiff's claims, but
should only examine matters that are "primarily jurisdictional." Id. Applying these principles,
the supreme court concluded that the trial court should have taken evidence on issues that
determine the Blues' standing--the financing arrangement and the source of the funds--but not on
the merits of the Blues' claims--whether Bland ISD violated the Act. 

 Like Bland, the case at bar also has a preliminary jurisdictional question that the
Commissioner had to resolve before reaching the merits of Smith's appeal. The Commissioner's
jurisdiction depends on whether Smith's reassignment causes or would cause monetary harm. See
Tex. Educ. Code Ann. § 7.057(a)(2)(B). Thus, the Commissioner should have considered, and
according to the record did consider, evidence of whether Smith's reassignment causes or would
cause monetary harm. Apparently, the Commissioner focused on the fact that Smith had not
suffered any monetary harm in the year of his reassignment to determine that the Commissioner
had no jurisdiction to hear this appeal under section 7.057. We conclude that the Commissioner
read the statute too narrowly. Section 7.057 covers appeals from written employment contracts,
the breach of which "causes or would cause" monetary harm. Id. The affidavits proffered some
evidence of future monetary harm that Smith would